## DAVIDSON and others vs. HACKETT.

PRACTICE IN ATTACHMENT SUITS: VACATING JUDGMENT. *(1) Order of trial and judgment in attachment suit, when attachment traversed. (2) Vacating judgment entered in vacation.*

1. Under secs. 25, 26, ch. 130, R. S. 1858, in an action commenced by attachment, where defendant's alleged indebtedness is admitted by the answer, but the affidavit for attachment is traversed, judgment should not be entered in plaintiff's favor until the issue raised by the traverse has been determined; defendant being entitled, in case such determination is in his favor, to have his damages (if any) by reason of the attachment, applied as an offset to plaintiff's demand.
2. Where judgment for the attachment plaintiff was entered by the clerk in vacation, before the traverse to the attachment had been tried, it was proper practice for the court to vacate the judgment on defendant's motion made at the first term thereafter.

APPEAL from the Circuit Court for *Jefferson* County. The case is thus stated by Mr. Justice ORTON:

" This action was commenced by attachment and summons. The affidavit for the attachment was made November 1, 1877, and charged the defendant with having assigned, disposed of and concealed, and with being about to assign, dispose of and conceal, his property, with intent to defraud his creditors. The plaintiffs served their complaint in the action, duly verified, December 5th, which sets out two separate causes of action: the first, on an accepted bill of exchange, for $206.83 and interest; and the other, for goods sold and delivered, for $296.85. An answer of the defendant, duly verified, was served upon the plaintiffs December 21st, traversing the affidavit for the attachment, and denying that he had so assigned, disposed of or concealed his property with such intent, or that he was about to do so, and further denying each and every allegation and statement of the affidavit, ' except that he was, at the date and time of the making of said affidavit, indebted to the plaintiffs in the sum of four hundred and ninety dollars and eleven cents, with interest on two hundred and six 83-100 thereof from and after the 15th day of October, 1877.' On the same day, the defendant served upon the plaintiffs his answer to the complaint, duly veri-

fied, in which the first cause of action therein stated is not denied, and the other cause of action is denied, except that he admits 'that he is indebted to the plaintiffs for goods, wares and merchandise by them sold and delivered to him, at or about the time therein mentioned, of the value of and at the agreed price of two hundred and eighty-three 28-100 dollars, with interest thereon from and after the third day of December, 1877.'

"On the 15th day of January, 1878, the defendant served upon the plaintiffs a notice of trial of the action, and of the traverse of the affidavit in attachment, before the circuit court of Jefferson county, at the February term thereof. On the 18th day of January, the plaintiffs served a written notice upon the defendant, that, on the 24th day of the same month, they would apply to the clerk of said court to enter judgment against him, the defendant, for the sum of $496.20, founded upon the pleadings in the action; and accordingly on that day the clerk entered judgment for such sum, and the sum of $67.98 costs, which included the costs of the attachment. Property of the defendant, of the appraised value of $608.95, was taken on the attachment, and execution upon said judgment was issued for the same. The circuit court, upon the motion of the defendant, vacated and set aside the said judgment, costs and execution, for irregularity." Plaintiffs appealed from the order.

The cause was submitted for the appellant on the brief of *Harlow Pease.*

For the respondent, there was a brief by *Hall & Skinner*, and oral argument by *Mr. Hall.*

ORTON, J. By force of secs. 25 and 26 of ch. 130, R. S. 1858, the proceedings in obtaining judgment, taxing costs and issuing execution were irregular and premature. Sec. 25 provides "that the defendant shall not be permitted to traverse the affidavit after judgment against him in the action;" clearly implying that the traverse shall not be *tried* after judgment in the action, but shall be tried and disposed of before judgment. This is necessary in order that sec. 26 may have any force as to the disposition of the costs and damages in case the

defendant is successful upon the trial of his traverse; for it provides that in such case " the costs of such trial," " and the damages sustained by the defendant by reason of the taking and detention of the property attached, or of any injury to such property, . . . shall be allowed and applied as an offset to the plaintiff's demand." These provisions were violated in this case by taxing the costs of the attachment, with the other costs in the action, before the questions upon the traverse were tried and determined; and there can be no question but that they necessarily postpone the entry of judgment in the action until after the trial of the traverse. The statute also makes the property levied upon by the attachment, the primary fund out of which the judgment must be satisfied, if sufficient for that purpose; implying that the attachment is in force even after judgment.

That which is the only question here, though perhaps not strictly involved in that case, was disposed of by this court in *Main v. Bell*, 33 Wis., 544, by the following language in the opinion of Mr. Justice LYON: " The statute concerning the trial of such issue contains provisions which render it clear that the legislature intended that the same should be tried before the principal action. Hence it may have been, and probably was, irregular to take judgment in the principal action before such issue was disposed of." It is only necessary to reäffirm this language, to be decisive of this case.

The practice adopted by the respondent in applying, by motion, to the circuit court at the first term thereof after such irregular entry of judgment by the clerk in vacation, to vacate and set it aside, is unobjectionable.

*By the Court.* — The order of the circuit court is affirmed, with costs.

RYAN, C. J., took no part.