# CASES DETERMINED

## *August Term, 1879.*

---

BASSETT and another vs. HUGHES.

*December 2 — December 16, 1879.*

ATTACHMENT: PRACTICE. *(1, 3) Time for trial of traverse to affidavit. (2) Waiver of objection to judgment.*

1. Under secs. 29–32, pp. 1475–6, Tay. Stats., no trial of the traverse to an affidavit for attachment could be had after judgment in the action, standing unreversed.
2. On appeal from the judgment in an attachment suit, the appellant not having moved to vacate the judgment because rendered before trial of his traverse to the attachment, nor assigned that ground for reversal here, the judgment was affirmed. *Held,* that it was then too late to move the court below to vacate the judgment on the ground above stated.
[3. Under sec. 2745, R. S. (which, however, did not govern this case), the issue upon such a traverse, if made before trial of the action, cannot be tried after judgment.]

APPEAL from the County Court of *Dodge* County.

The following statement of the case is taken, in substance, from the opinion of Mr. Justice TAYLOR:

"Plaintiffs sued defendant in an action upon contract. At the commencement of the suit, they filed a proper affidavit, and caused an attachment to issue against the property of the defendant, upon which his property was attached. Defendant traversed the affidavit upon which the attachment was issued, and filed his answer to the complaint in the action. Afterwards the issue in the action was duly noticed for trial by the plaintiffs, was tried without objection on the part of the de-

fendant, and the plaintiffs had judgment; and, on appeal to this court, that judgment was affirmed.  See 43 Wis., 319.

"After such affirmance, and after the record was remitted to the county court, defendant moved in that court to set aside and vacate the judgment, on the ground that the traverse of the affidavit on which the attachment had issued, had not been tried.  This motion being denied, defendant then noticed the issue formed by the traverse of the affidavit for trial before the county court.  Plaintiffs appeared and objected to the trial of such traverse, on the ground that it was too late to try the same after judgment rendered in the action.  The objection was overruled, and plaintiffs excepted.  The court then proceeded to try the traverse, and adjudged that the attachment be dismissed, assessed defendant's damages at $50, taxed his costs on the trial of such traverse at $39.52, and further adjudged that the amount of such damages and costs be set off against the judgment which plaintiffs had recovered against him.  Plaintiffs then moved the court to vacate and set aside such judgment and order.  The motion was denied, and plaintiffs duly excepted, and appealed from the judgment dismissing the attachment, and assessing such damages and costs, and directing the same to be set off against the judgment in their favor."

The cause was submitted on the brief of *G. W. Hazelton* for the appellants, and that of *J. J. Dick* for the respondent.

TAYLOR, J.  The only question arising upon this record is, whether the respondent had the right, under the statute, to try the issue upon the traverse of the affidavit, after judgment had been rendered in the action and affirmed upon appeal to this court.

The proceedings upon a traverse of the affidavit upon which an attachment issues, is purely statutory, and the rights of the respondent must be determined by the statute.  It is evident from the provisions of the statute, that it was intended

that the traverse should be tried before the issues in the action are tried; and there is nowhere in the statute applicable to this case, any provision authorizing a trial after judgment in the action. Sections 29–32, Tay. Stats., pp. 1475–6. These sections clearly contemplate but one judgment in the action, and that such judgment shall dispose of all the rights of the parties, as determined by the trial of the traverse, as well as of the issues in the action. Such result can only be attained by requiring the traverse to be tried before judgment is entered in the action; otherwise there would be a necessity for two judgments, as there were in fact in this case. But if there were any doubt as to the construction of the statute, this court has held, in *Main v. Bell*, 33 Wis., 544, and *Davidson v. Hackett*, 45 Wis., 208, that it was irregular to try the action until the issue upon the traverse had been first tried and disposed of; and in the case last cited the court below set aside the judgment for that reason, although the ·answer of the defendant admitted the cause of action upon which such judgment was rendered; and this court, upon appeal from the order setting the same aside, affirmed such order.

The logical conclusion to be drawn from these decisions is, that no trial of such traverse can be had after judgment in the action, so long as such judgment stands unreversed. The respondent's counsel evidently understood the force of the statute in that respect, and therefore made his motion to vacate the judgment in the action after the same had been affirmed by this court and the record remitted to the court below; but the court below refused his motion, and the judgment was permitted to stand. The judgment having been affirmed by this court, the order of the court refusing to set it aside was undoubtedly right.

It is too late for the respondent to allege that the judgment in the action was irregularly entered, after the same has been affirmed in this court upon appeal. If he desired to have the judgment set aside for the purpose of having a trial of his

traverse, he should either have moved the court below to set the same aside for that reason, before he took his appeal to this court, or else, upon his appeal to this court, he should have asked a reversal upon that ground. Having done neither, he must be deemed to have waived his right to a trial of such traverse. Or, if he did not intend to waive his right, he has lost it by permitting the judgment to be obtained and stand unreversed against him.

This case cannot be governed by the Revised Statutes of 1878, as the rights of the parties had been fixed before this revision took effect. Had it been otherwise, the respondent would not have been entitled to try the traverse after judgment, under the provisions of section 2745, as the issue upon the traverse was made before the trial of the action.

The proceedings upon the trial of the traverse being irregular, the judgment appealed from must be reversed, with costs.

*By the Court.* — So ordered.